RIVERDALE DRUG STORE, INC., Respondent, v. WALTER SCHWARTZ, Appellant. — In an action for an injunction restraining defendant from engaging in the same business as plaintiff in violation of a restrictive covenant contained in a bill of sale, judgment in favor of plaintiff unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Hagarty, Carswell, Davis and Adel, JJ.

EDWARD SAYEGH, Stockholder in MARTEL MOTORS, INC., on Behalf of Himself and Other Stockholders Similarly Situated, and on Behalf of Said MARTEL MOTORS, INC., Respondent, v. CHARLES L. MARTEL and MARTEL MOTORS, INC., a Domestic Corporation, Appellants.— The action in form is a derivative action by a stockholder against a corporation and its president for alleged misconduct and the waste and conversion of the corporate assets by the individual defendant, the president. There is but one other stockholder; and that one is the wife of the plaintiff. The action is really to recover on a loan made to the individual defendant, Martel, under the guise of forming a corporation and issuing to the plaintiff preferred stock. It is claimed by the defendant that this loan was usurious and that the corporation and the issuance of stock were merely a cover therefor. The plaintiff moved for the appointment of a receiver and for a temporary injunction restraining the defendants from further transacting any business. The motion was granted and the court named a receiver, who appears to be an impartial person and will be subject to the orders of the court in winding up the business. It appears that the defendant corporation has been or shortly will be dispossessed from its salesroom for failure to pay rent. The contract made between the parties is unworkable and there seems to be no other practical course than to have the affairs of the corporation wound up and the assets distributed by the receiver. On the trial it will be determined whether the loan was usurious and void, whether the plaintiff's conduct in relation to the contracts and business was oppressive and unconscionable, and whether defendant Martel was guilty of misconduct in respect to the management of the corporation and of conversion of its assets. When these questions are determined, the assets will be distributed by the receiver under the direction of the court by the judgment it may grant. These questions may not be determined on this record. Order appointing a receiver affirmed, without costs. Order denying motion of defendants for a change of venue affirmed, without costs. Lazansky, P. J., Hagarty, Carswell, Davis and Taylor, JJ., concur.